Charles Thomas YEAMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18726.

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1963.

Charles Thomas Yeaman, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Appellant is presently in federal custody at San Pedro, California, serving a prison term upon a conviction of a violation of the Dyer Act, 18 U.S.C.A. § 2312. He was convicted on September 9, 1960, in a California Superior Court for a violation of California Penal Code § 470, and began serving a term in the state prison therefor. During the time appellant was incarcerated in the state prison he was indicted in the United States District Court, on August 9, 1961, for the Dyer Act violation. The State of California released appellant on parole on November 28, 1961. He was taken into custody by the United States, entered a plea of guilty to the federal charge on December 11, 1961, and was sentenced on January 2, 1962 to the term from which he now seeks relief. He filed an

Application for Writ of Habeas Corpus" on January 21, 1963, the denial of which is the basis for this appeal.[1]

■ Appellant first contends that his five year federal sentence should be reduced by the seventeen months he had previously served in the custody of the State of California for his state conviction. In so contending he does not rely on the terms of his federal sentence, but claims that as a general proposition of law, "concurrent jurisdiction must result in concurrent sentence."

This contention has no merit. The state sentence imposed here could not have in any case been concurrent with the federal sentence, because the state sentence was completed before the federal sentence was entered. "Concurrent" sentences are to be served at the same time. To sustain appellant's contention would call for a holding that he had served seventeen months of his federal sentence *before* said sentence was entered.

■ Appellant next contends that the delay between his indictment and his plea of guilty in the trial court, slightly over four months, deprived him of his right to a speedy trial. We agree with the reasoning of the trial court in rejecting this contention. It said:

"The indictment was returned within the period of limitations and no effort is shown on the part of petitioner to speed trial or to object to prosecution on this ground, nor is prejudice shown to have resulted. Therefore, petitioner cannot successfully attack the judgment on the ground that there has been a failure to provide a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States. Glenn vs. United States, 303 F.2d 536, 543 (5th Cir., 1962); United States vs. Kaye, 251 F.2d

87, 90 (2d Cir., 1958); Morland vs. United States, 193 F.2d 297, 298 (10th Cir., 1951)."

 It is further contended that the trial court's denial of the application should be reversed because appellant was not given a hearing and was not present when his petition was denied. When the merits of such an application can be determined on the record before the court, a hearing is not required nor is the presence of the petitioner necessary.[2] The questions presented by the petition could be readily resolved by reference to the record, there being no controverted issues of facts.

Affirmed.

---

**1.** Since appellant is a federal prisoner, it would seem that 28 U.S.C.A. § 2255, rather than habeas corpus, is the appropriate remedy. However, since the application was filed in the district of sentencing, which is also the district of imprisonment, such an error in the form

of the plea for relief can be disregarded. Ray v. United States, 295 F.2d 416 (10th Cir. 1961), cert. denied 369 U.S. 875, 82 S.Ct. 1146, 8 L.Ed.2d 278 (1962).

**2.** Cain v. United States, 271 F.2d 337 (8th Cir. 1959); 28 U.S.C.A. § 2255.