780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOHN N. COOK, Petitioner-Appellant,
v.
CALVIN R. EDWARDS, Respondent-Appellee.
 85-1531
 United States Court of Appeals, Sixth Circuit.
 11/14/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 Petitioner is appealing from a judgment denying his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that on June 1, 1983, petitioner was convicted on four counts of damaging a building by use of explosives under 18 U.S.C. Sec. 844(i) and making and possessing a destructive device under 26 U.S.C. Secs. 5861(c), (d), (f) and 5871. He was sentenced to four concurrent terms of ten-years imprisonment.
 
 
 3
 Petitioner's initial parole hearing occurred on January 13, 1984. The Commission's source of information was the presentence report dated May 25, 1983, which was reviewed by the district court in camera. According to the U.S. Attorney's Office, the evidence against petitioner showed that he had been dating a secretary in a law office in Parkersburg, West Virginia. When the secretary stopped dating petitioner and started dating one of the lawyers in the firm, petitioner responded by exploding two pipe bombs early in the morning hours of November 4, 1982, in the building where the law office was located.
 
 
 4
 The Parole Commission's decision, issued February 1, 1984, continued petitioner for a presumptive parole after service of 48 months (May 23, 1987). The guideline evaluation placed petitioner's offense in the Category Six severity rating 'because it involved detonation of a bomb at a building.' With a salient factor score of ten, petitioner received a guideline range of 40 to 52 months. The Parole Commission's decision fell within that range.
 
 
 5
 On appeal to the National Appeals Board, petitioner was granted a parole date at the bottom of his guideline range, which will require him to serve 40 months and authorize his release on September 23, 1986.
 
 
 6
 In his habeas corpus application, petitioner contends that the Parole Commission's application of October, 1983 guidelines to his offense which occurred some eleven months earlier violated the ex post facto clause of the Constitution. He claims that the parole guidelines are 'laws' capable of violating the ex post facto clause if applied in a retrospective manner to the disadvantage of federal prisoners. He further claims prejudice because the 1982 version of the guidelines would have rated his offense in the 'Very High' category as possession of explosives, carrying a guideline range of 24 to 36 months.
 
 
 7
 The district court disposed of petitioner's first claim on the basis that parole guidelines or regulations were not 'laws' within the meaning of the ex post facto clause. The court did not reach the issue of whether petitioner was subjected to a harsher penalty under the 1982 regulations than under the 1983 regulations.
 
 
 8
 Petitioner raises the same issues on appeal to this Court as well as a claim that he was entitled to an evidentiary hearing in the district court.
 
 
 9
 Upon consideration, this Court concludes that petitioner's first claim is without merit because parole guidelines are not 'laws' within the meaning of the ex post facto clause. Ruip v. United States, 555 F.2d 1331, 1335-36 (6th Cir. 1977); Benedict v. U.S. Parole Commission, 569 F.Supp. 438, 441-444 (E.D. Mich. 1983).
 
 
 10
 Even if the guidelines were capable of violating the ex post facto clause by virtue of being 'laws' within the meaning of that clause, plaintiff's guideline range for parole would have been the same under either set of regulations. Petitioner argues that under the 1982 guidelines the offense of possession or transportation of explosives was rated in the 'Very High' category and carried a guideline range of 24 to 36 months. Petitioner's offense, however, was not only possession of explosives but also damaging a building by use of an explosive, 18 U.S.C. Sec. 884(i). This offense was described in the 1982 guidelines as 'arson or explosive detonation [involving potential risk of physical injury to person(s) (e.g., premises occupied or likely to be occupied--no serious injury occurred].' This offense was rated in the 'Greatest I' category in the 1982 version of the guidelines, and carried a guideline range of 40 to 52 months--the same period prescribed by the 1983 regulations.
 
 
 11
 Petitioner's final issue is likewise without merit. The district court need only conduct an evidentiary hearing where there are controverted issues of fact and the questions presented cannot be resolved by reference to the record. Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). The issues presented in the instant case are clearly questions of law and the district court was not required to hold a fact-finding hearing.
 
 
 12
 The Court has concluded that petitioner's appeal is frivolous and entirely without merit. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 13
 Therefore it is ORDERED that the judgment of the district court be and it hereby is affirmed.