ROSANNA MALOUF PETERSON, United States District Judge
BEFORE THE COURT is Defendant James Lee Crooker's Amended Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255, ECF No. 100. Defendant argues that his federal criminal conviction should be set aside because he entered into a plea agreement supported by insufficient evidence, for which he was factually innocent, because he was encouraged by ineffective assistance of counsel.
*1100 ECF No. 101. A hearing was held in this matter on December 17, 2018. Defendant was represented by attorney Lee Edmond. The Government was represented by Assistant United States Attorney Meghan M. McCalla. The Court has considered the parties' arguments, briefing, and the record, and is fully informed.
BACKGROUND
Defendant was indicted in the Eastern District of Washington on August 9, 2016, for one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). ECF No. 1. At Defendant's initial appearance, Magistrate Judge John T. Rodgers appointed a federal defender to represent Defendant. ECF No. 7. A superseding indictment was filed on November 8, 2016, charging Defendant with an additional count of Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender in violation of 18 U.S.C. § 2260A. ECF No. 31.
Defendant's attorney and the Government negotiated a Rule 11(c)(1)(C) plea agreement as to Defendant's two charges. ECF No. 50. Defendant agreed to plead guilty to Count 1 of the superseding indictment, charging Defendant with Production of Child Pornography. Id. at 1. The plea agreement stated that Defendant understood that the penalties involved with pleading guilty to this charge included a mandatory minimum sentence of fifteen years of imprisonment. Id. at 2.
The plea agreement stated the elements that the Government would have to prove beyond a reasonable doubt at trial to convict Defendant of Production of Child Pornography. ECF No. 50 at 4. First, the Government would have to prove that the victim, Minor F, was less than eighteen years of age. Id. Second, on or about May 25, 2016, in the Eastern District of Washington, the Defendant employed, used, persuaded, induced, or enticed Minor F to engage in sexually explicit conduct for the purpose of producing a depiction of the conduct. Id. Third, Defendant knew or had reason to know the visual depiction would be transported using any means or facility of interstate commerce, or such visual depiction was produced using materials that have been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means. Id. at 4-5.
The plea agreement then summarized the underlying facts of Defendant's criminal conduct that the Government contended that it would be able to prove beyond a reasonable doubt. ECF No. 50 at 5. On June 6, 2016, a mother contacted the Yakima Police Department, worried that her fifteen-year-old daughter, Minor F, had been communicating with a 32-year-old man. Id. When the police looked through Minor F's phone, they found her communications with Defendant via Facebook, the Kik messaging application, and text message. Id. at 6. Looking through the messages, police discovered a conversation between Minor F and Defendant that occurred on Tuesday, May 24, 2016. Id. Defendant asked Minor F "How r u sexy," to which Minor F responded "Good u." Id. Defendant told Minor F "Ur so cute," and "Layin her [sic ] wishin u were in my arms." Id. Minor F asked Defendant if he wanted to "cuddle after sex" on that upcoming Saturday, but Defendant advised Minor F she would have to get away from her mother's house to do something like that. Id.
On May 25, 2016, Defendant continued the conversation by asking Minor F what she was doing. ECF No. 50 at 6. Minor F responded, "Laying in bed ...." Id. The Defendant asked Minor F, "Ooo wat u wearin lol." Id. Minor F stated she was not wearing panties. Id. Defendant responded, "I wanna see." Id. Minor F sent Defendant a photograph of her bare vagina to Defendant. Id. Defendant responded, "Damn *1101 baby." Id. Defendant and Minor F continued to discuss meeting up to engage in sexual activity.
On June 16, 2016, Defendant was contacted by agents with the Federal Bureau of Investigation. ECF No. 50 at 7. After reading him his Miranda rights, Defendant consented to a search of his phone. Id. On his phone, agents discovered the communications with Minor F and the picture of Minor F's vagina. Id. at 8. The plea agreement stipulated that Defendant's phone, an LG phone, was manufactured either in Alabama or Texas. Id.
By agreeing to plead guilty, Defendant waived several constitutional and procedural rights, including his right to appeal. ECF No. 50 at 12-13. In full, his waiver of appellate rights reads as follows:
Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order not exceeding $50,000, and order of supervised release. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.
ECF No. 50 at 12-13.
On March 22, 2017, the Court held a hearing as to the plea agreement between Defendant and the Government. ECF No. 51. At the hearing, the Court ensured Defendant had a copy of the superseding indictment in front of him. ECF No. 87 at 4. The Court read the statutory language of a Production of Child Pornography charge under 18 U.S.C. § 2251(a). Id. at 5. The Court asked Defendant if he understood that charge. Id. Defendant indicated that he did. Id. The Court asked whether Defendant had enough time to confer with his federal defender as to any potential defenses Defendant could assert to this charge at trial. Id. Defendant responded that he did. Id. The Court asked if Defendant was satisfied with the advice his federal defender had given him. Id. Defendant responded that he was satisfied. Id.
The Court then explained the plea agreement to Defendant part-by-part. The Court explained to Defendant that Congress has set a mandatory minimum sentence of fifteen years of imprisonment for Production of Child Pornography, and that the Court lacked the authority to sentence Defendant to less time of confinement. ECF No. 87 at 5-6. Defendant stated that he understood. Id. The Court explained each of the constitutional rights Defendant was waiving by entering into the plea agreement. Id. at 7-8. Defendant stated that he understood that he was waiving those rights. Id.
The Court then invited Assistant United States Attorney Thomas Hanlon to the podium to explain the elements the Government would have to prove beyond a reasonable doubt at trial to convict Defendant of Production of Child Pornography. ECF No. 87 at 9. Mr. Hanlon explained the three elements of the offense, described above. Id. Further, Mr. Hanlon explained the factual basis of the plea agreement that the Government would be able to prove at trial beyond a reasonable doubt to convict Defendant of the offense, also described above. Id. at 9-10. Specifically, Mr. Hanlon stated that "Law enforcement officers reviewed [Minor F's] phone, and they discovered that the defendant had encouraged or persuaded her to send photographs of her vagina. In response to questions, the 15 year old sent a *1102 photograph depicting her bare vagina." ECF No. 87 at 9-10.
Defendant returned to the podium and stated that he agreed that the facts described by Mr. Hanlon were accurate. Id. at 10. The Court specifically asked Defendant if he agreed that Minor F was less than eighteen years old on May 25, 2016; that Defendant persuaded, induced, or enticed Minor F to produce a depiction of sexually explicit conduct; and that Defendant knew the visual depiction would be transported using some means of interstate commerce. Id. at 10-11. Each time, Defendant stated that he agreed that the facts were accurate. Id.
The Court also explained that Defendant waived some of his appeal rights in the plea agreement. ECF No. 87 at 13. The Court stated Defendant waived his right to appeal both the conviction and the Court's sentence, unless the restitution order exceeded $50,000. Id. The Court further explained that the only appeal Defendant may take is one for an ineffective assistance of counsel stemming from information that Defendant could not know at the time that Defendant received his sentence. Id. The Court asked if Defendant understood his limited appeal rights. Id. The Defendant responded that he understood. Id.
After explaining all of this to Defendant, the Court asked if Defendant pleaded guilty or not guilty to the charge of Production of Child Pornography. ECF No. 87 at 15. Defendant responded that he pleaded guilty to the charge. Id. The Court found that Defendant was fully competent and capable of entering into a plea agreement; that the Defendant was fully informed and aware of the nature of the charges and consequences of the plea agreement; and that the plea was knowing and voluntary, supported by an independent basis in facts containing each of the essential elements of the offense. Id.
The Court held a sentencing hearing on June 6, 2017. ECF No. 68. At this hearing, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Defendant to fifteen years of imprisonment and ten years supervised release. ECF No. 71.
On February 12, 2018, Defendant filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 78. Defendant argued that his plea agreement was unconstitutional because he received ineffective assistance of counsel; was charged under an insufficient indictment; was convicted despite insufficient evidence; and that Congress lacked constitutional authority to enact the statute under which Defendant was convicted. Id. After the Government filed its response, ECF No. 90, the Court granted Defendant's motion for appointment of counsel and referred the appointment to Magistrate Judge Mary K. Dimke. ECF No. 92. Judge Dimke appointed CJA counsel, ECF No. 93, and the Court allowed Defendant to file an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 with the assistance of counsel. ECF No. 96.
In the amended motion, Defendant focuses on two claims for section 2255 relief: ineffective assistance of counsel and lack of factual basis for the guilty plea. ECF No. 100. First, Defendant argues that there was no factual basis to conclude that Defendant employed, used, persuaded, induced, enticed, or coerced Minor F to engage in sexually explicit conduct for the purpose of producing a visual depiction thereof. Id. at 18. Second, Defendant argues that his counsel failed to identify the factual deficiencies in the indictment and explain such deficiencies to Defendant. Id. at 24-27.
In its response, the Government argues that Defendant waived his right to seek *1103 relief from his conviction under 28 U.S.C. § 2255 with the waiver of appellate rights in Defendant's plea agreements. ECF No. 103 at 6. Additionally, the Government contends that a sufficient factual basis existed for Defendant's plea based on the conduct explained in the plea agreement and elicited in court during the change of plea hearing. ECF No. 103 at 8. Further, because Defendant's ineffective assistance of counsel claim relies on the viability of Defendant's insufficient factual basis for the plea claim, the Government argues that Defendant's ineffective assistance of counsel claim lacks merit. ECF No. 103 at 13.
LEGAL STANDARD
The text of 28 U.S.C. § 2255(a) reads as follows:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255(a). The claimed error of law supporting a motion for relief from a sentence under section 2255 must be "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States , 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (quoting Hill v. United States , 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ).[1]
DISCUSSION
Procedural Default
A defendant procedurally defaults his or her right to collaterally attack a conviction under section 2255 when the defendant fails to first address the claim on direct appeal. See United States v. Frady , 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). There are two exceptions to this rule. First, the defendant can show that his or her claim under section 2255 is exempt from the direct-appeal requirement. See Massaro v. United States , 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (holding that ineffective assistance of counsel claims do not need to be directly appealed before being asserted in a claim under section 2255 ). Absent presenting a claim exempt from the direct-appeal requirement, a defendant must show that the procedural default is justified because (1) good cause excuses the failure to appeal; and (2) actual prejudice resulted from the errors of which the defendant complains in collateral attack. Frady , 456 U.S. at 167-68, 102 S.Ct. 1584. Procedural default is an affirmative defense that the Government must assert in its response to the defendant's section 2255 motion; a failure to raise the defense results in a waiver of that defense. United States v. Guess , 203 F.3d 1143, 1146 (9th Cir. 2000).
Defendant did not appeal his conviction. See ECF No. 100 at 4. Nonetheless, *1104 Defendant has not procedurally defaulted his claims because the Government failed to argue procedural default in its brief or at oral argument, and therefore waived the affirmative defense. ECF No. 103 at 3. While the Government discussed the case law on procedural default in its brief, it failed to argue that Defendant procedurally defaulted any of his claims. Id. The Government cannot preserve its procedural default argument by placing boilerplate language on the case law of procedural default in its brief. See Guess , 203 F.3d at 1146 (holding that the Government's failure to argue procedural default waived the affirmative defense).
The Court finds that Defendant did not procedurally default his claims for relief under section 2255.
Waiver of Appeal Rights
The Government argues that in the plea agreement that Defendant waived his right to appeal and to collaterally attack his conviction. ECF No. 103 at 6. Defendant argues that Defendant did not waive his right to collaterally attack his conviction because his plea was not knowing and therefore not voluntary. ECF No. 101 at 6.
"A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Medina-Carrasco , 815 F.3d 457, 461 (9th Cir. 2015) (internal citation omitted). "To discern whether a waiver is knowing and voluntary, we must ask 'what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.' " Id. (quoting United States v. De la Fuente , 8 F.3d 1333, 1337 (9th Cir. 1993) ). A voluntary plea is one in which the defendant enters when the defendant is fully aware of the direct consequences of the plea agreement, unless that agreement was induced by threat, misrepresentation, or bribery. Brady v. United States , 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
When Defendant entered his guilty plea pursuant to the plea agreement, Defendant acknowledged that he was waiving his right to appeal and challenge his conviction, except for a claim based on ineffective assistance of counsel stemming from information that he could not have known at the time that he pleaded guilty. ECF No. 50 at 12-13; ECF No. 87 at 13. As to the first element of appellate waiver enforcement, the waiver to which Defendant agreed encompasses all four of the grounds raised by Defendant in his motion for section 2255 relief. ECF No. 100; Medina-Carrasco , 815 F.3d at 461.
As to the second element, however, Defendant argues that the appellate waiver should be disregarded in its entirety because the plea agreement, including the waiver within, was not knowing and voluntary. ECF No. 105 at 2. In support of this argument, Defendant cites Washington v. Lampert , 422 F.3d 864 (9th Cir. 2005). In that case, the Ninth Circuit held that a waiver of appeal rights in a plea agreement was unenforceable because the defendant claimed his attorney pressured him to enter into the plea agreement, thereby making the plea agreement unknowing and involuntary. Id. at 871. When a defendant makes an ineffective assistance of counsel claim "that challenges the voluntariness of the [appellate] waiver," the waiver is unenforceable. Id.
Defendant additionally relies on United States v. Davis , No. CR 03-11GHSEH, 2007 WL 710194 (D. Mont. Mar. 6, 2007). In that case, the defendant challenged his conviction for possession of a firearm during the commission of a drug trafficking crime because he was misinformed about his plea and was actually innocent. Id. at *4. The district court found that the defendant's appellate waiver in his plea agreement *1105 was not enforceable for a number of reasons, including but not limited to the fact that the defendant's claims for habeas relief included a challenge to the voluntariness of the plea agreement itself and the defendant cannot waive his or her appellate rights with a constitutionally deficient plea agreement. Id. at *5-6.
Like the defendants in Lampert and Davis , Defendant here challenges the enforceability of his plea agreement because of an alleged ineffective assistance of counsel and a claim of actual innocence. ECF No. 100 at 5-6. As the Ninth Circuit recognized in Lampert , claims of ineffective assistance of counsel in the negotiation of a guilty plea essentially "challenge the voluntary and intelligent nature of the plea agreement." Lampert , 422 F.3d at 869 (quoting United States v. Ruiz , 241 F.3d 1157, 1164 (9th Cir. 2001), overruled on other grounds , 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). If a plea agreement is not voluntary because of ineffective assistance of counsel in procuring the agreement, it would be inappropriate to enforce the appellate waiver within that agreement. See Davis , 2007 WL 710194, at *6. As the district court in Davis held:
[I]f a defendant were permitted to waive his right to collaterally attack the validity of his plea, practically anything could happen to a defendant unlucky enough to be represented by the least competent defense attorney in a prosecution headed by the least scrupulous prosecutor.[2] ... [I]t is inappropriate to enforce a waiver that would insulate the most vulnerable from the protection of judicial review.
Id.
Defendant's arguments in this case raise concern that his plea agreement was not knowingly or voluntary. He argues that he was unaware of the standard required to prove that he committed the offense for which he was charged and that his defense attorney provided ineffective assistance in securing this plea agreement for him. ECF No. 101 at 8. If these allegations are true, Defendant did not enter into his plea agreement knowingly or voluntarily. See Lampert , 422 F.3d at 869. Further, if the plea agreement was not knowing or voluntary, then the appellate waiver within is not enforceable. Medina-Carrasco , 815 F.3d at 461.
For these reasons, the Court will consider Defendant's motion on the merits.
Insufficient Evidence Establishing the Offense
Defendant's first claim for relief under section 2255 is that his conviction was supported by insufficient evidence in violation of Rule 11 of the Federal Rules of Criminal Procedure. ECF No. 101 at 8.
Availability of Relief Under Section 2255
Before adjudging a defendant guilty on a guilty plea, "the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). However, relief under section 2255 cannot be supported by a violation of Rule 11. United States v. Timmreck , 441 U.S. 780, 783-84, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). The Supreme Court explained that a Rule 11 violation is neither constitutional nor jurisdictional, and relief under section 2255 cannot be had unless the prisoner proves that the sentence "was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255 ; see also *1106 Timmreck , 441 U.S. at 783-84, 99 S.Ct. 2085. Thus, the only way a defendant can obtain section 2255 relief for a Rule 11 violation is by showing that "the Rule 11 proceeding was inconsistent with the rudimentary demands of fair procedure or constituted a complete miscarriage of justice." United States v. Vonn , 535 U.S. 55, 64, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (internal quotations and citations omitted).
"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson , 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). However, a defendant can seek section 2255 relief from a plea deal that was not voluntary or intelligent, because that kind of plea deal would violate the Constitution. Bousley v. United States , 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Additionally, section 2255 relief is available for a plea colloquy that results in the conviction of one who is actually innocent. Id. at 623, 118 S.Ct. 1604. To establish actual innocence, a defendant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotations and citations omitted).
Defendant presents his first claim as a Rule 11 violation for a failure to "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3) ; ECF No. 101 at 8. Defendant then argues that there was no factual basis for the plea because the facts as alleged in the plea agreement and recited at Defendant's change of plea hearing were inadequate to support a conviction for Production of Child Pornography under 18 U.S.C. § 2251(a). ECF No. 101 at 15. Even though Defendant presents his first claim as a violation of Rule 11, Defendant's first claim also could be articulated as a claim of actual innocence, which is a cognizable claim under section 2255. See Bousley , 523 U.S. at 623, 118 S.Ct. 1604. Therefore, because Defendant effectively argues that he is actually innocent of the crime for which he was convicted, the Court may consider Defendant's first claim for relief on the merits.
Defendant's Claim of Actual Innocence
A conviction under section 2251(a) requires the proof of three elements beyond a reasonable doubt. First, the Government would have to prove that the victim, Minor F, was less than eighteen years of age. 18 U.S.C. § 2251(a) ; ECF No. 50 at 4. Second, that on or about May 25, 2016, in the Eastern District of Washington, the Defendant employed, used, persuaded, induced, or enticed Minor F to engage in sexually explicit conduct for the purpose of producing a depiction of the conduct. 18 U.S.C. § 2251(a) ; ECF No. 50 at 4. Third, that the Defendant knew or had reason to know the visual depiction would be transported using any means or facility of interstate commerce, or such visual depiction was produced using materials that have been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means. 18 U.S.C. § 2251(a) ; ECF No. 50 at 4-5. To establish actual innocence, a defendant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley , 523 U.S. at 623, 118 S.Ct. 1604.
Defendant first argues that there is no evidence to support that he did employ, use, encourage, persuade, induce, entice, or coerce Minor F to take a picture of her vagina and send it to him. ECF No. 101 at 18. The statute does not define employ, use, encourage, persuade, induce, entice, or coerce. 18 U.S.C. § 2251(a) ; see also 18 U.S.C. § 2256 (definitions). The Ninth Circuit *1107 has defined employ or use in section 2251(a) to mean "engaging in active conduct that resulted in the production of child pornography," concluding that the defendant in that case employed or used a minor when the defendant told the victim that the defendant wanted to take pictures together, and subsequently did. United States v. Laursen , 847 F.3d 1026, 1032-33 (9th Cir. 2017). Interpreting section 2251(a)'s legislative history, the Ninth Circuit also has concluded that a conviction under section 2251(a)"requires proof of active or coercive conduct by a defendant upon a minor." United States v. Overton , 573 F.3d 679, 692 (9th Cir. 2009).
Comparing Defendant's behavior to the defendant in Laursen , Defendant's conduct is not similar. Laursen , 847 F.3d at 1032-33. Here, Defendant exchanged sexually-charged messages with Minor F, culminating in his receipt of the photo taken by Minor F. ECF No. 50 at 5-8. This is not the same as suggesting Minor F take the photo or posing in the photo with Minor F, as the defendant in Laursen did. Laursen , 847 F.3d at 1032-33. If Laursen is the standard for conduct that meets the definition of "employ" or "use" under section 2251(a), then no reasonable juror would find that Defendant by his phrase "I wanna see," without more direction or involvement, employed or used Minor F to create sexually explicit content.
Defendant could still be guilty of Production of Child Pornography if he encouraged, persuaded, induced, enticed, or coerced Minor F into taking the photo and sending it to Defendant. 18 U.S.C. § 2251(a). Without a definition from the statute, the Court employs the traditional rules of statutory interpretation, which begins with the plain and common meaning of a word derived from dictionary definitions. Laursen , 847 F.3d at 1032. The most relevant definition of "encourage" is "to attempt to persuade." Encourage , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/encourage (last visited Jan. 28, 2019). "Persuade" means "to move by argument, entreaty, or expostulation to a belief, position, or course of action; to plead with." Persuade , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/persuade (last visited Jan. 28, 2019). "Induce" means "to move by persuasion or influence" or "to call forth or bring about by influence or stimulation." Induce , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/induce (last visited Jan. 28, 2019). "Entice" means "to attract artfully or adroitly or by arousing hope or desire." Entice , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/entice (last visited Jan. 28, 2019). "Coerce" means "to compel to an act or choice." Coerce , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/coerce (last visited Jan. 28, 2019).
The Government argues that a reasonable juror would convict Defendant under section 2251(a) because of Defendant's text messages with Minor F. ECF No. 103 at 9. Specifically, it claims that Defendant's sexually-charged conversations that included statements like "Ooo what u wearin lol" and "I wanna see" prove that Defendant "encouraged [Minor F] or persuaded [Minor F] to send photographs of her vagina." ECF No. 87 at 9-10; ECF No. 103 at 9. However, Defendant argues, and the Government does not refute, that there is no evidence to support that Defendant asked Minor F for a photo or discussed with her the possibility of taking a photo and sending it to him. Rather, Defendant argues that the phrase "I wanna see" refers to some anticipated future date that would occur in person.
The Court applies the definitions in section 2251(a) to Defendant's conduct. There *1108 is no evidence that Defendant argued or pleaded with Minor F to send him a photo of her vagina, as there is apparently no evidence that Defendant ever asked for a photo. Persuade , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/persuade (last visited Jan. 28, 2019). For similar reasons, there is no evidence that Defendant "encouraged" Minor F's conduct because there is no evidence that he "persuaded" Minor F; therefore, he cannot have attempted to persuade her either. Encourage , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/encourage (last visited Jan. 28, 2019). The limited interaction between Defendant and Minor F before Minor F sent the photo does not prove that Defendant moved Minor F by persuasion or influence or brought about the photo by influence or stimulation. Induce , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/induce (last visited Jan. 28, 2019). Additionally, the complete absence of active conduct on behalf of Defendant does not support a finding that Defendant received the photo by "arousing hope or desire." Entice , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/entice (last visited Jan. 28, 2019). Lastly, Defendant's statement of "I wanna see" cannot support a finding that Defendant compelled Minor F to an act or choice. Coerce , Merriam-Webster's Dictionary Online, https://www.merriam-webster.com/dictionary/coerce (last visited Jan. 28, 2019). Accordingly, it is unlikely that any reasonable juror would find Defendant persuaded, encouraged, induced, enticed, or coerced Minor F to send him the photo of her vagina.
The statement of facts in the plea agreement and at Defendant's change of plea hearing shows the total lack of evidence against Defendant regarding the production of the photo. While the conversations between Defendant and Minor F were certainly inappropriate, there is no evidence that Defendant was actively working to receive a picture of Minor F's vagina as a product of those conversations. No reasonable juror could find beyond a reasonable doubt that Defendant's statement of "I wanna see," without any mention of taking or exchanging photos, supports a conviction under section 2251(a).
Defendant also argues that the Court failed to conduct a complete colloquy during the change of plea hearing. The Government claimed at the change of plea hearing that when they inspected Minor F's phone, it had "discovered that the defendant had encouraged her or persuaded her to send photographs of her vagina. In response to questions, the 15 year old sent a photograph depicting her bare vagina." ECF No. 87 at 9-10. During the colloquy, the Court asked Defendant if he agreed with what the Government stated, and he said that he did. Id. at 10. However, Defendant argues that there is no evidence that Defendant ever asked Minor F to send him pictures of her vagina. ECF No. 50 at 6. Defendant argues, and the Government does not refute, that the Government's ambiguous recitation of the facts, both in the plea agreement and at the change of plea hearing, were not supported by the proof of active or coercive conduct that is required for a conviction under section 2251(a). Overton , 573 F.3d at 692.
The Court finds that no reasonable juror would convict Defendant beyond a reasonable doubt for a violation of section 2251(a). Bousley , 523 U.S. at 623, 118 S.Ct. 1604. Therefore, the Court finds that Defendant is actually innocent of his conviction for Production of Child Pornography.[3]
*1109 Ineffective Assistance of Counsel
Defendant argues that he received ineffective assistance of counsel from his federal defender because his federal defender failed to advise Defendant accurately about the elements of the crime or that he was likely innocent of the charge. ECF No. 101 at 26.
The Sixth Amendment guarantees the right of a criminal defendant to the assistance of counsel. U.S. Const. amend. XI. An assistance of counsel that is ineffective violates the Sixth Amendment. Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant's counsel is constitutionally defective if two elements are met. First, counsel's performance was deficient. Id. at 687, 104 S.Ct. 2052. Second, the deficient performance prejudiced the defendant. Id. The Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel in procuring the plea agreement and advising the defendant to plead guilty. Hill v. Lockhart , 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Defendant argues that his attorney provided constitutionally defective representation because the attorney failed to advise Defendant that his conduct likely did not support a conviction for Production of Child Pornography. ECF No. 101 at 26. According to Defendant, had his attorney actually taken the time to research Defendant's case and the elements required to provide Production of Child Pornography, the attorney would have realized that Defendant was actually innocent of the offense and encouraged Defendant not to accept a plea deal. ECF No. 105 at 7-8. Defendant claims he would have insisted on going to trial had he known "the fatal weaknesses in the government's case." Id. at 7.
The first element of the ineffective assistance of counsel test is that the attorney's performance was deficient. Strickland , 466 U.S. at 687, 104 S.Ct. 2052. This requires a showing of errors so serious that the counsel was essentially not functioning as a "counsel" under the Sixth Amendment. Id. "Deficient performance is performance which is objectively unreasonable under prevailing professional norms." Hughes v. Borg , 898 F.2d 695, 702 (9th Cir. 1990). "In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty." Lambert v. Blodgett , 393 F.3d 943, 979 (9th Cir. 2004). Defendants making ineffective assistance claims must overcome the "strong presumption that counsel's performance fell within the wide range of reasonably effective assistance." Weygandt v. Ducharme , 774 F.2d 1491, 1493 (9th Cir. 1985). When an attorney's conduct or advice can be interpreted as a strategic or tactical decision, the attorney acted competently unless that decision was "objectively unreasonable." Hughes , 898 F.2d at 703.
As discussed above, there is very little case law interpreting the conduct required to be convicted under section 2251(a) for Production of Child Pornography. However, at a minimum, defense counsel in these situations would be expected to research how the terms in section 2251(a) would be interpreted before advising his or her client to plead guilty to a crime. Had Defendant's counsel researched the issue, he would have seen this lack of case law and likely conducted the same statutory analysis that this Court just conducted, requested discovery regarding the statutory analysis, and then advised Defendant that the Government *1110 may not have evidence that Defendant committed the crime. Additionally, counsel's failure to research Defendant's case or advise him that he likely did not commit the crime charged against him cannot be seen as a reasonably objective tactical or strategical decision; it was a failure to perform the duties expected of a defense attorney. Hughes , 898 F.2d at 703. The Court finds that defense counsel's failure to advise Defendant on the required elements based on case law or statutory interpretation before advising him to plead guilty to a fifteen-year mandatory minimum sentence crime constitutes deficient performance.
The second element of an ineffective assistance of counsel claim is that the deficient counsel's performance prejudiced Defendant. Strickland , 466 U.S. at 687, 104 S.Ct. 2052. To show that the defendant was prejudiced by counsel's behavior in facilitating the defendant's guilty plea, a defendant must prove that the defendant would have insisted on going to trial but for the counsel's errors. Hill , 474 U.S. at 59, 106 S.Ct. 366. If evidence shows that the defendant would have taken the plea deal regardless of counsel's deficiencies, such as receiving significant concessions in the plea agreement, then the counsel's deficient performance likely did not prejudice the defendant. Weaver v. Palmateer , 455 F.3d 958, 967-68 (9th Cir. 2006). Additionally, if the evidence overwhelmingly establishes the defendant's guilt, then any deficient counsel's conduct is considered harmless. Hughes , 898 F.2d at 705.
Here, it is reasonable to conclude that advising a defendant that he may not have committed the crime of which he is charged would cause the defendant not to plead guilty. The Court already found that Defendant is actually innocent of the crime charged because his conduct did not meet the required actions to be convicted under section 2251(a). If Defendant had been advised by his defense attorney as to the likelihood of his acquittal, Defendant would not have taken a guilty plea that guaranteed fifteen years of imprisonment, especially when, according to the Government, Defendant was facing at most thirty years in prison. See 18 U.S.C. § 2251(e) (setting fifteen-year mandatory minimum sentence for a violation of section 2251(a) ); ECF No. 103 at 14 (Government's brief stating that Defendant faced a maximum sentence of thirty years in prison). Additionally, the evidence does not overwhelmingly establish Defendant's guilt. Hughes , 898 F.2d at 705. Defendant has shown that his counsel's deficient representation prejudiced him.
It could be argued that Defendant received significant concessions in negotiating his guilty plea, and therefore was not prejudiced by his counsel's deficient representation, because the Government agreed to dismiss count 2 of the superseding indictment in exchange for the plea agreement. ECF No. 50 at 8; see also Weaver , 455 F.3d at 967-68. However, the second count against Defendant was for the commission of a sex offense against a minor as a person required to register as a sex offender in violation of 18 U.S.C. § 2260A. ECF No. 31 at 2. Conviction of that offense would require the Government to prove that Defendant was guilty of the charged offense under section 2251(a). Id. (charging that Defendant "did commit a felony offense involving a minor under 18 U.S.C. § 2251(a), as charged in Count 1 of the Superseding Indictment."). If Defendant is actually innocent of 2251(a), then Defendant cannot be convicted for violating section 2260A. 18 U.S.C. § 2260A. For this reason, Defendant arguably did not receive significant concessions in the plea agreement. The Court finds that the Government's concessions do not defeat Defendant's showing of prejudice.
*1111 The Government argues that Defendant cannot prove prejudice because Defendant's guilty plea was knowing and voluntary. ECF No. 103 at 15. But the Supreme Court already has rejected the argument "that a knowing and voluntary plea supersedes defense counsel's errors." Missouri v. Frye , 566 U.S. 134, 141, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) (citing Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ). And because Defendant apparently was not advised on the conduct required to support a conviction for Production of Child Pornography, the Court finds that his plea agreement was knowing and voluntary in the first place.
For these reasons, the Court finds that Defendant has proven an ineffective assistance of counsel claim and will grant his motion for relief under section 2255.[4]
Insufficient Indictment
In his first motion under section 2255, Defendant argued that his original indictment was insufficient because it did not allege all the essential elements of section 2251(a). ECF No. 78 at 5. Defendant did not argue this claim in his amended motion. See ECF No. 101.
A criminal indictment must contain the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1). However, an indictment that fails to allege the essential elements will only result in a vacated sentence if the defect in the indictment was not harmless; i.e., it affected the defendant's substantial rights. United States v. Cotton , 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Additionally, "it is well settled that the sufficiency of an indictment is not subject to collateral attack save in exceptional circumstances." Tallman v. United States , 465 F.2d 282, 286 (7th Cir. 1972) ; see also 3 Fed. Prac. & Prod. Crim. § 628 (4th ed.).
The three elements that the Government needs to prove for a conviction for Production of Child Pornography are that (1) the child was less than 18 years of age; (2) Defendant employed, used, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) Defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce. Model Crim. Jury Instr. 9th Cir. 8.181 (2018). The original indictment did not state that Defendant specifically knew or had reason to know that the visual depiction would be mailed or transported across state lines. ECF No. 1 at 1. However, this deficiency was corrected in the superseding indictment. ECF No. 31 at 1. Further, there are no exceptional circumstances here supporting relief under section 2255 for insufficient indictment. Tallman , 465 F.2d at 286.
Therefore, the Court rejects Defendant's insufficient indictment argument.
Congressional Authority to Enact Section 2251(a)
In his first motion for relief under section 2255, Defendant argued that Congress did not have the constitutional authority to pass the statute under which Defendant was convicted, 18 U.S.C. § 2251(a). ECF No. 78 at 8-9. However, the Ninth Circuit already has rejected a Commerce Clause challenge to section 2251(a). See United States v. McCalla , 545 F.3d 750, 753-56 (9th Cir. 2008). Therefore, the Court rejects Defendant's Commerce Clause argument.
*1112 Remedy
If the Court grants a defendant's motion under section 2255, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This provision gives district courts "wide berth in choosing the proper scope of post-2255 proceedings." United States v. Jones , 114 F.3d 896, 897 (9th Cir. 1997). "This broad and flexible power is derived from the equitable nature of habeas corpus relief." United States v. Handa , 122 F.3d 690, 691 (9th Cir. 1997).
Defendant has carried his burden to show that he was convicted for a crime of which he was actually innocent and received ineffective assistance of counsel. The judgment and conviction rendered against Defendant only included the one crime that was the subject of this motion. See ECF No. 71 (judgment). Therefore, the Court finds that the appropriate remedy is to vacate vacate Defendant's guilty plea and vacate the judgment.[5]
Accordingly, IT IS HEREBY ORDERED :
1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 78 , and Amended Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 100 , are GRANTED .
2. The Judgment against Defendant, ECF No. 71 , is VACATED .
3. The Court's Order Accepting Guilty Plea, ECF No. 52 , is VACATED .
4. This matter is hereby referred to Magistrate Judge Mary K. Dimke for the appointment of Defendant's counsel and consideration of Defendant's detention.
5. Within fourteen days of the date of this Order, Counsel for the Government will notify the Court and defense counsel regarding how it intends to proceed in this matter.
IT IS SO ORDERED . The District Court Clerk is directed to enter this Order and provide copies to counsel and to Magistrate Judge Mary K. Dimke.

The Court should hold an evidentiary hearing in a motion under section 2255"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, when there are no issues of fact, and the Court only is presented with issues of law, an evidentiary hearing is unnecessary. See Yeaman v. United States , 326 F.2d 293, 294 (9th Cir. 1963). The parties here agree on the facts but disagree as to whether those facts prove Defendant's guilt or constitute ineffective assistance of counsel. Therefore, the Court finds that an evidentiary hearing is unnecessary.

This quote does not imply that the federal defender or U.S. attorney in this case fit into either of these categories.

Because the Court finds for Defendant on this element of section 2251(a), the Court declines to rule on Defendant's other argument for actual innocence, which is that the photo sent by Minor F was not "sexually explicit content." 18 U.S.C. § 2251(a).

Additionally, after reviewing the merits of Defendant's actual innocence and ineffective assistance of counsel claims, the Court finds that Defendant's appellate waiver is unenforceable because it was not knowing or voluntary. See Medina-Carrasco , 815 F.3d at 461.

A defendant may withdraw a guilty plea for any fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). Inadequate plea colloquies and inadequate legal advice are fair and just reasons to withdraw a guilty plea. United States v. McTiernan , 546 F.3d 1160, 1167 (9th Cir. 2008).